UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
        :
UNITED STATES OF AMERICA,        :
        :
     -v-        :     19-CR-625-1 (JMF)
        :
ROBERT WILSON,        :     ORDER
        :
     Defendant.        :
        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In light of counsel's letter of June 22, 2020, *see* ECF No. 72, the Court will hold a conference to address Defendant Robert Wilson's request for new counsel on the morning of **July 7, 2020**, at either 9 a.m. or 11 a.m. The conference will be conducted as a video/teleconference using the CourtCall platform. Next week, the Court will issue a detailed order regarding access to the conference with the precise time of the conference.

**No later than June 26, 2020**, counsel shall advise the Court by email whether he would like an opportunity to speak with the Defendant by telephone for fifteen minutes before the proceeding begins and, if so, the telephone number at which he will be reachable for such a call.

If possible, defense counsel shall discuss the attached Waiver of Right to be Present at Criminal Proceeding with the Defendant prior to the proceeding. If the Defendant consents, and is able to sign the form (either personally or, in accordance with Standing Order 20-MC-174 of March 27, 2020, by defense counsel), defense counsel shall file the executed form **at least 24 hours prior to the proceeding**. In the event the Defendant consents, but counsel is unable to obtain or affix the Defendant's signature on the form, the Court will conduct an inquiry at the

outset of the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature to the form.

To the extent that there are any documents relevant to the proceeding, counsel should submit them to the Court (by email or on ECF, as appropriate) at least **at least 24 hours prior to the proceeding**.  To the extent any documents require the Defendant's signature, defense counsel should endeavor to get them signed in advance of the proceeding as set forth above; if defense counsel is unable to do so, the Court will conduct an inquiry during the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature.

Finally, with the consent of the other three Defendants, *see* ECF Nos. 68-70, the Court excludes time under the Speedy Trial Act between June 25, 2020, and July 7, 2020, finding that the interests of justice in excluding such time outweigh the interests of the Defendants and the public in a speedy trial given the complexity of the case, the inability for Defendants and counsel to meet given the COVID-19 pandemic, and the need to resolve the question of Defendant Wilson's representation.  The Court notes that, given the protocols for videoconference proceedings for detained Defendants, July 7th is the first date on which a conference in this matter could be held.

SO ORDERED.

Dated: June 25, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA

        -v-

ROBERT WILSON,

                Defendant.
---------------------------------------------------------------X

**WAIVER OF RIGHT TO BE PRESENT AT CRIMINAL PROCEEDING**

**19-CR-625-1 (JMF)**

I am aware that I have been charged with violations of federal law. I have consulted with my attorney about those charges. I have requested the appointment of new counsel and understand that the Court has scheduled a conference to address that request. I understand I may have a right to appear before a judge in a courtroom in the Southern District of New York to obtain new counsel and to have my current attorney beside me as I do. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse. I have discussed these issues with my attorney. By signing this document, I wish to advise the court that I willingly give up my right to appear in person before the judge in connection with the conference to address my request for new counsel. By signing this document, I also wish to advise the court that I willingly give up any right I might have to have my attorney next to me for the conference so long as the following conditions are met. I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf during the proceeding. I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date: _____  _____
                                                                                                             Signature of Defendant

I hereby affirm that I am aware of my obligation to discuss with my client the charges against my client, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver and consent form. I affirm that my client knowingly and voluntarily consents to the proceedings being held with my client and me both participating remotely.

Date: _____  _____
                                                                                                             Signature of Defense Counsel

**Accepted:**  _____
                  Signature of Judge
                  Date: