UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                     :

UNITED STATES OF AMERICA,              :

                                         :                 19-CR-625-1 (JMF)

       -v-                          :

                                         :             MEMORANDUM OPINION

ROBERT WILSON,                  :               AND ORDER

                                         :

                       Defendant.     :

                                         :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Defendant Robert Wilson pleaded guilty to racketeering conspiracy, conspiracy to distribute controlled substances, and using and carrying a firearm in furtherance of the drug conspiracy. *See* ECF No. 160. Following a three-day hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), the Court found "by well more than a preponderance of the evidence" that Wilson was involved in the murder of Nelson Ramos as part of the racketeering conspiracy — indeed, that he "probably directed it." June 9, 2022 Tr. 362. Thereafter, the Court sentenced Wilson to 444 months' imprisonment. *See* ECF No. 263. Now incarcerated at USP Lee in Virginia and proceeding without counsel, Wilson moves pursuant to 28 U.S.C. § 2255 to vacate his sentence. *See* ECF No. 298 ("2255 Motion"). He brings three claims: first, that the Court erred when it "relied on uncorroborated, inconsistent, and highly incentivized testimony" and imposed sentence "without sufficient explanation or reference to mitigating factors," *id*. at 15; second, that the conditions of his confinement violate the Eighth Amendment, *see id.* at 15-16; and third, that his lawyers were unconstitutionally ineffective because, he asserts, they failed to (1) "investigate and call exculpatory witnesses," (2) "adequately prepare for the *Fatico*

hearing," (3) "properly advise [him] on [the] plea implications," and (4) "provide strategic defense during sentencing," *id.* at 15.

A prisoner in federal custody may move "to vacate, set aside or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting Rule 4(b) of the Rules Governing Section 2255 Proceedings). In addition, no hearing is required where the allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Instead, to warrant a hearing, the movant "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). Of course, the Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks and emphasis omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Applying these standards here, and upon due consideration of the parties' submissions, Wilson's motion is DENIED in its entirety and without an evidentiary hearing, substantially for the reasons stated in the Government's memorandum of law. *See* ECF No. 306 ("Gov't Opp'n"). Wilson's first two claims require little discussion. The first — that this Court erred in imposing

sentence — is plainly barred by Wilson's plea agreement, in which he waived his right to appeal any sentence of life imprisonment or less.  *See* Gov't Opp'n Ex. 1, at 8.  As this Court has noted before, "[t]he Second Circuit has repeatedly — and emphatically — held that a defendant's knowing and voluntary waiver of the right to appeal [or collaterally attack] a sentence is generally valid and enforceable."  *Fernandez v. United States*, No. 12-CR-445 (JMF), 2016 WL 4735370, at *3 (S.D.N.Y. Sept. 12, 2016) (citing cases).  And as a matter of fact, the Second Circuit has already held that Wilson's *own* waiver is "valid and enforceable."  ECF No. 293, at 1.  Meanwhile, Wilson's second claim — that the conditions of his confinement violate the Eighth Amendment — may not be pursued via a motion to vacate a sentence pursuant to Section 2255.  *See, e.g.*, *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Sotomayor, J.).  Instead, such challenges must be brought pursuant to 28 U.S.C. § 2241, *see, e.g.*, *Carter-Mitchell v. Terrell*, No. 12-CV-2361 (SLT), 2017 WL 375634, at *3 (E.D.N.Y. Jan. 26, 2017) (citing cases), and only then in the district of confinement, *see, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Corley v. Nathan*, No. 20-CV-1283 (CM), 2020 WL 1434707, at *2 n.2 (S.D.N.Y. Mar. 20, 2020).

That leaves only Wilson's ineffective-assistance-of-counsel claim.  Whether or not it is also covered by Wilson's appeal waiver, it is meritless.  First, Wilson fails to show that his counsel's representation "fell below an objective standard of reasonableness" under "prevailing professional norms."  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Indeed, the record — including Wilson's own sworn statements during his thorough guilty plea allocution and affidavits that his counsel submitted in connection with this motion upon Wilson's waiver, *see* ECF Nos. 303-05; *see also* ECF No. 300 — thoroughly refutes his conclusory assertions of ineffectiveness.  *See* Gov't Opp'n 10-13.  Most notably, counsel's affidavits confirm that they

did precisely what Wilson claims they should have done: investigate and attempt to call witnesses on his behalf; they elected not to call the one witness Wilson identifies by name upon learning that the witness would have invoked his Fifth Amendment rights.  *See, e.g.*, ECF No. 305, at 3.  Beyond that, the Court witnessed firsthand counsel's zealous and effective representation, during the *Fatico* hearing, in advance of sentencing, and at the sentencing itself.  *See, e.g.*, ECF No. 250.  Indeed, at the conclusion of counsel's lengthy remarks during sentencing, *see* Nov. 10, 2022 Tr. 18-30, the Court explicitly stated that counsel had done "a very effective job" on Wilson's behalf, *id.* at 30-31.

Second, and in any event, Wilson fails to meet his burden of showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  First, he does not even claim that, but for counsel's purported deficiencies, he would have proceeded to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the [*Strickland*] 'prejudice' requirement [where the defendant pleaded guilty], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").  Second, given the Government's evidence at the *Fatico* hearing — evidence that the Court described as "overwhelming," June 9, 2022 Tr. at 368 — he provides no reason to doubt the Court's finding that he was involved in the Ramos murder.  And third, he provides no cause for the Court to second guess the well-considered 444-month sentence that it imposed.  *See* Nov. 10, 2022 Tr. 38-44 (explaining the Court's reasons for Wilson's sentence).

For the foregoing reasons, Wilson's motion must be and is DENIED.  Further, because Wilson makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.  Finally, the Court certifies, pursuant to 28

4

U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF Nos. 294 and 298 and to mail a copy of this Memorandum Opinion and Order to Wilson at:

> Robert Wilson
> Register Number: 87123-054
> USP Lee
> U.S. Penitentiary
> P.O. Box 305
> Jonesville, VA 24263

SO ORDERED.

Dated: March 24, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

5